IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRIS SAIS,

      Plaintiff,

v.                              No. CIV-05-0815 MV/LCS

TIM LEMASTER,

      Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff had been sentenced to two separate prison terms; he was later paroled from one sentence and began serving the other. Defendant, who was the warden at the New Mexico Penitentiary, then "approved" the revocation of Plaintiff's parole and returned him to

serving his original sentence. Plaintiff contends that Defendant's actions violated his "parole due process" rights and amounted to false imprisonment and excessive sentence. Later, Plaintiff was paroled again and allegedly released from custody, although he is currently incarcerated. During this series of events, Plaintiff filed a state petition for writ of habeas corpus. He does not indicate that he obtained relief in that proceeding. Plaintiff alleges that has exhausted his administrative remedies, and he seeks damages from Defendant.

Plaintiff's claims appear to call into question the constitutionality of the sentence under which Plaintiff is (or was) incarcerated. These claims are barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. "[*Heck*] applies to proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996); *see also Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999). The complaint does not allege that Plaintiff's parole revocation was set aside, *see Heck*, 512 U.S. at 486-87, and thus his allegations of false imprisonment and excessive sentence fail to state due process claims cognizable under § 1983, *see Webber v. Weaver*, No. 00-6093, 2001 WL 237344, at *2 (10th Cir. Mar. 9, 2001); *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (explaining that a plaintiff who overturns conviction may then bring § 1983 action).

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

_____
CHIEF UNITED STATES DISTRICT JUDGE